940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Lamont DENNARD, Defendant-Appellant.
 No. 90-5088.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1991.
Decided Aug. 13, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-89-150)
 Harry F. Bosen, Jr., Salem, Va., for appellant.
 Karen Breeding Peters, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig Lamont Dennard appeals his conviction for possession of crack cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1). Testimony at trial revealed that when police executed a search warrant at a residence in Roanoke, Virginia, Dennard was seen dropping a bag. The bag contained smaller baggies, each of which contained what was determined to be crack. Dennard's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Dennard was advised of his right to file a supplemental pro se brief. In accordance with Anders, we have examined the entire record and find no error. We briefly address the issues raised by counsel.
 
 
 2
 Counsel objected at trial to the testimony of Roanoke City Police Detective Monty Lee, who said that a notebook seized from Dennard's person after his arrest contained a number of beeper numbers. Lee testified that beepers frequently were used in the distribution of controlled substances, especially crack and cocaine. He also testified that such notebooks frequently were used to record a dealer's accounts with his customers. We find that, in light of Lee's experience as a vice detective, whose main duty was to investigate the illegal drug trade, his testimony was admissible under Fed.R.Evid. 702.
 
 
 3
 Counsel also argues that the prosecution should not have commented on Dennard's failure to obtain a fingerprint analysis of the bag he dropped when officers executed the search warrant. Counsel's position is that such a comment violated Dennard's fifth amendment rights. Again, we disagree. Commenting on the absence of a fingerprint analysis was proper because it occurred only after defense counsel had raised the issue in his closing argument. Defense counsel therefore invited the prosecutor's fair response. See United States v. Robinson, 485 U.S. 25, 31 (1988). Additionally, the court instructed the jury that counsel's statements and arguments did not constitute evidence and that it was not Dennard's burden to produce evidence of his innocence.
 
 
 4
 Finding no merit in these arguments and finding no other error upon review of the record, we affirm the judgment of conviction. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A, counsel has the obligation to advise Dennard, in writing, of his right to petition the United States Supreme Court for a writ of certiorari and, if Dennard so desires, to prepare the necessary papers. We therefore deny counsel's motion to withdraw from further representation. We dispense with oral argument because the facts and legal arguments are adequately presented in the record and briefs and oral argument would not aid the decisional process.
 
 
 5
 AFFIRMED.